1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10

| SECURITIES AND EXCHANGE COMMISSION, | Case No. 15CV1575 CAB NLS |
|---|---|
| Plaintiff, | **JUDGMENT AS TO DEFENDANT PAUL LEE MOORE** |
| vs. | |
| PAUL LEE MOORE, | |
| Defendant. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Paul Lee Moore having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the

1   Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale
2   of any security by the use of any means or instruments of transportation or
3   communication in interstate commerce or by use of the mails, directly or indirectly:
4       (a)    to employ any device, scheme, or artifice to defraud;
5       (b)    to obtain money or property by means of any untrue statement of a
6             material fact or any omission of a material fact necessary in order to
7             make the statements made, in light of the circumstances under which
8             they were made, not misleading; or
9       (c)    to engage in any transaction, practice, or course of business which
10            operates or would operate as a fraud or deceit upon the purchaser.
11      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
12  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
13  binds the following who receive actual notice of this Judgment by personal service or
14  otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and
15  (b) other persons in active concert or participation with Defendant or with anyone
16  described in (a).
17                                  III.
18      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
19  Defendant is permanently restrained and enjoined from violating, directly or
20  indirectly, Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act
21  ("Advisers Act") [15 U.S.C. § 80b-6(1), (2) and (4)], and Rule 206(4)-8 promulgated
22  thereunder [17 C.F.R. § 275.206(4)-8], by using the mails or any means of
23  instrumentality of interstate commerce:
24      (a)    to employ any device, scheme, or artifice to defraud any client or
25            prospective client;
26      (b)    to engage in any transaction, practice, or course of business which
27            operates as a fraud or deceit upon any client or prospective client; or
28      (c)    to engage in any act, practice, or course of business which is fraudulent,

deceptive, or manipulative.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from July 16, 2015, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion:  (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated:  September 16, 2015

_____
Hon. Cathy Ann Bencivengo
United States District Judge