1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10

| 11 | SECURITIES AND EXCHANGE COMMISSION, | Case No.  15CV1575 CAB NLS |
| 12 | Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT PAUL LEE MOORE** |
| 13 | vs. | |
| 14 | PAUL LEE MOORE, | |
| 15 | Defendant. | |
| 16 | | |

17
18
19
20
21
22
23
24
25
26
27
28

Case No. 15CV1575 CAB NLS

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant Paul Lee Moore having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of a bifurcated judgment; waived findings of fact and conclusions of law; and waived any right to appeal from the bifurcated judgment; the Court having entered a bifurcated consent judgment against Defendant on September 16, 2015 enjoining him from violations of the federal securities laws and providing that Defendant's payment of disgorgement, prejudgment interest thereon, and a civil penalty shall be determined upon motion of the Commission (Dkt. No. 7, Section IV); and the SEC having determined to forego seeking and withdraw its claims for disgorgement, prejudgment interest thereon, and a civil penalty in light of Defendant's sentence and order of restitution in his parallel criminal case (*United States v. Moore*, Case No. 15-CR-1829-BAS (S.D. Cal.);

In accordance with the Stipulation To Dismiss Claims For Disgorgement Prejudgment Interest, and a Civil Penalty Against Defendant filed on April 12, 2016 by the SEC, and good cause being shown:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;
 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act ("Advisers Act") [15 U.S.C. § 80b-6(1), (2) and (4)], and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], by using the mails or any means of instrumentality of interstate commerce:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client;

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

    (c)    to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the claims of Plaintiff SEC for disgorgement, prejudgment interest thereon, and a civil penalty against Defendant are hereby dismissed.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's September 15, 2015 Consent (Dkt. No. 6) is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: April 14, 2016

_____
Hon. Cathy Ann Bencivengo
United States District Judge